# Exhibit 2

VIRGINIA:

IN THE CIRCUIT COURT FOR VIRGINIA BEACH

SHAWN CURRAN,

    Plaintiff,

v.                       Case No. _____

AXON ENTERPRISE, INC., et al.

    Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO AXON ENTERPRISE, INC.

Plaintiff, by counsel, pursuant to Rules 4:8 and 4:9 of the Rules of the Supreme Court of Virginia, propounds the following interrogatories and requests for production to Axon Enterprise, Inc., to be answered within 28 days after service thereof:

### INTERROGATORIES

1.     Identify each person having any knowledge of the events relating to, leading up to, or concerning the incident described in the Complaint filed herein known to you, any employee, to any insurance carrier affording you coverage, or counsel by name, address, home and business telephone number, employer, relationship to you, the substance of their knowledge or testimony, and whether you intend to call them as witnesses in the trial of this action.

Answer:

2.     Identify each person whom you intend to call as an expert witness at trial, and for each such person, state the subject matter on which he or she is expected to

testify, state the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

<u>Answer</u>:



3. For any response to any allegation contained in Plaintiff's Complaint, made by you that is anything other than an unqualified admission, please describe in detail all facts upon which you rely in failing to admit such allegation or request, identifying the allegation or request you are responding to.

<u>Answer</u>:



4. Describe fully and completely how the occurrence happened, stating in your answer all events relating thereto in sequential order.

<u>Answer</u>:



5. State all facts that support any averment and/or defense (including any affirmative defense(s)) included in your Answer to the Complaint

<u>Answer</u>:



6. Do you contend that the Plaintiff's injuries and medical bills were either not medically necessary or causally related to the incident at issue, and are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, witness, or other item of evidence that, either directly or indirectly, supports this contention? If your answer is anything other than an unqualified "No," then for each and

every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

    a. A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

    b. The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

    c. The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

<u>Answer:</u>

7. Do you contend that that you were not negligent, or are not responsible for the negligence of Richard Nelson, and are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, witness, or other item of evidence that, either directly or indirectly, supports this contention? If your answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

    a. A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

    b. The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

    c.    The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

<u>Answer:</u>

8.    Do you contend that that Plaintiff was contributorily negligent, and are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, witness, or other item of evidence that, either directly or indirectly, supports this contention? If your answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

    a.    A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

    b.    The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

    c.    The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

<u>Answer:</u>

9.    Identify each person who has given or made a statement (oral or written) concerning the incident which is the subject of this action, and for each such statement state the date the statement was made or given, the identity of the person to whom the

statement was made or given, and whether the statement was recorded, transcribed, oral or signed by the person making or giving the statement. **This interrogatory includes identification and production of any claims notes that summarize or refer to statements made by any witness.**

<u>Answer:</u>

10. Describe all photographs, motion pictures, video tapes and/or other diagrams or descriptions of the location of the occurrence or of the parties involved in the occurrence which are in your possession, to which you have access or of which you have knowledge. Identify each such item describing its subject matter, date or dates upon which they were taken, by whom taken and the identity of the person who now has custody or possession thereof.

<u>Answer:</u>

11. State the name, address, named insured (if different from you), and policy limits of any insurance carrier that afforded coverage to you for the occurrence in question. For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries, and whether question or doubt exists as to your rights under the policy (reservation of rights asserted, non-waiver agreement, etc.).

<u>Answer:</u>

12.  State the date and time that you contend that you first reasonably anticipated litigation, and identify all facts that you rely on in claiming that the identified date and time were when you first reasonably anticipated litigation.

Answer:


13.  Do you contend that you are not the correct Axon or Taser corporate entity to be named defendant in this matter? If so, identify why you make this contention and which Axon or Taser corporate entity you contend is the proper party defendant (this interrogatory is not requesting that you admit to any liability, only that you identify any contention of yours that Plaintiff has named a wrong party or misnomer in the Complaint).

Answer:


14.  Identify all contact you had with anyone regarding the Taser certification training that was to occur in Virginia Beach in December, 2017, including but not limited any contact you had with Richard Nelson, anyone affiliated with the City of Norfolk, Norfolk Police Department, or Norfolk Airport Authority, and anyone affiliated with the City of Virginia Beach or Virginia Beach Police Department. Include (a) when such contact occurred; (b) the parties involved; (c) the substance of the contact; and (d) identify and produce any documentation of the contact (e.g., emails, phone messages, contracts, invoices, documents).

Answer:

15. Identify all contact you had with anyone regarding Plaintiff's incident that occurred on December 14, 2017, including but not limited any contact you had with Richard Nelson, anyone affiliated with the City of Norfolk, Norfolk Police Department, or Norfolk Airport Authority, and anyone affiliated with the City of Virginia Beach or Virginia Beach Police Department. Include (a) when such contact occurred; (b) the parties involved; (c) the substance of the contact; and (d) identify and produce any documentation of the contact (e.g., emails, phone messages, witness statements, incident reports).

Answer:

16. Identify all individuals you are aware of who investigated the incident described in the Complaint, and summarize the results of that individual's investigation if known, including but not limited to the identities of all individuals the person investigating the incident talked to.

Answer:

17. Identify all companies, entities, and individuals who had any role in the Taser training that was to occur in Virginia Beach in December, 2017, and summarize their role in the training.

Answer:

18.     Identify the relationship between Axon and Richard Nelson as of December, 2017, and identify all times Richard Nelson provided Taser training prior to Plaintiff's incident, identifying: (a) when the training occurred; (b) where the training occurred; (c) the nature of the training; and (d) whether any accidents, incidents, or injuries occurred during the training.

Answer:

19.     Do you contend that Richard Nelson was not an employee, agent, or independent contractor of Axon with regard to the Taser training that occurred in Virginia Beach in December, 2017?  If so, identify all facts you rely on in making this contention.

Answer:

20.     Identify all documents reflecting any contracts, bills, invoices, and payments relating to the Taser training that occurred in Virginia Beach in December, 2017, including identifying all parties involved.

Answer:

21.     Describe the relationship between you, Richard Nelson, and City of Norfolk, Norfolk Police Department, and/or Norfolk Airport Authority regarding the Taser training that occurred in Virginia Beach in December, 2017.

Answer:

## REQUESTS FOR PRODUCTION

Pursuant to Rule 4:9, produce the following:

1. All documents and things relating or referring to the incident that forms the basis of this suit including, but not limited to, incident reports, witness statements, and videos.

2. All documents and things constituting, containing, or relating to any photograph, sketch, measurements, inspection, map, motion picture, diagram, drawing, schematic, videotape, illustration, simulation, animation, test, experiment, study, recreation, reconstruction, visualization, or other visual depiction or description of or relating to the subject incident.

3. A copy of any investigation reports or materials pertaining to the occurrence, including any notes or witness statements.

4. A copy of all insurance policies (including declaration sheets) providing coverage for any claim asserted in the Complaint.

5. All documents obtained by subpoena *duces tecum* or other discovery during the course of this litigation (reasonable copying charges will be paid for the production of any documents produce in response to this request).

6. Any and all exhibits (including demonstrative exhibits) you intend to use at the trial of this matter including, but not limited to, those exhibits you intend to introduce into evidence.

7. All documents related to the incident or the cause of the incident.

8. All documents or things of any nature pertaining to any surveillance or observations of the Plaintiff.

9. All photographs, documents, evidence, treatises, or authoritative literature upon which any expert intends to rely in this case or which your expert reviewed (even if he does not intend to rely upon same).

10. All documents and things pertaining to or containing information regarding any investigation of the incident.

11. All documents (including any transcripts) constituting, referring to, containing, or relating to statements taken from or made by any party or any eyewitness regarding or related to the incident, **including any handwritten or computerized notes or claims notes generated by someone who spoke with any eyewitness regarding the conversation.**

12. All documents (including any transcripts) constituting, containing, or relating to statements taken from or made by any other person having any knowledge of facts relevant to the incident or plaintiff's injuries (excluding records or documents produced or provided by Plaintiff's counsel), **including any handwritten or computerized notes or claims notes generated by someone who spoke with any witness regarding the conversation.**

13. All documents and things relating to any contention by defendant that any person or entity other than defendant caused or contributed to cause the incident and/or plaintiff's injuries.

14. All documents and things relating to any allegation or contention by you that any intervening cause or causes other than acts and/or omissions of you or Richard Nelson proximately caused the incident or operated in some manner to relieve or diminish your liability for the injuries to the Plaintiff.

15. All documents and things identified or described in any Answer to any of Plaintiff's Interrogatories.

16. Any and all documents and things relied upon in answering Plaintiff's Interrogatories.

17. Produce the entire claims file created by you, any insurance company, third party administrator, or its agents regarding the subject incident.

18. Any and all documents, electronic or otherwise, written, created, modified, or viewed by any you, any insurance agent, third party administrator, adjuster, or representative who participated in the investigation or supervision of any claims arising from the incident.

19. Every book, document, or other tangible thing of any nature whatsoever, including but not limited to ex parte affidavits, statements in writing, and all recorded statements which impeach or relate to the credibility of any witness who has knowledge of the facts regarding this case.

20. Any and all documents that embody, relate, regard, reflect, refer to and/or summarize any and all opinions, correspondence, reports and/or memorandum regarding this case or the plaintiff, prepared by, received from, or sent to any and all persons you expect to call as an expert witness.

21. All emails you are aware of which reference or pertain to the incident at issue, including but not limited to any emails from any witness or insurance adjuster(s) or third-party administrators.

22. All deposition transcripts in your possession regarding any party or witness to this action.

23. Identify and produce all electronically stored data in your possession or under your control that references the incident at issue, including but not limited to: electronic mail, hard drives, Compact Disks (CDs), Digital Video Disks (DVDs), floppy disks, etc.

24. Any communication, including but not limited to any e-mails, electronic messages, letters, memos, or other documents concerning the Taser training in Virginia Beach in December, 2017.

25. Any communication, including but not limited to any e-mails, electronic messages, letters, memos, or other documents concerning the incident identified in Plaintiff's Complaint.

26. Your complete file on Richard Nelson, omitting nothing.

27. All documents constituting or setting forth the rules, regulations, policies, training, programs, practice, procedures, manuals, instructions, directives, and cautionary statements that pertain to Taser certification training that were in effect in December, 2017.

28. All documents constituting or setting forth the rules, regulations, policies, training, programs, practice, procedures, manuals, instructions, directives, and cautionary statements that pertain to scenario based training that were in effect in December, 2017.

29. Any contract or agreement between you and anyone else regarding the Taser training that occurred in Virginia Beach in December, 2017.

30. All documents that reflect any pertain to any payments regarding the Taser training that occurred in Virginia Beach in December, 2017, including but not limited to any contracts, invoices, checks, bills, or receipts.

SHAWN CURRAN

By: _____
Counsel

M. Scott Bucci, Esq. (VSB #42636)
Elliott M. Buckner, Esq. (VSB #45227)
Kevin Biniazan, Esq. (VSB #92109)
Breit Cantor Grana Buckner
7130 Glen Forest Drive, Suite 400
Richmond, Virginia 23226
Telephone: (804) 644-1400
Facsimile: (804) 644-9205
sbucci@breitcantor.com
ebuckner@breitcantor.com
kbiniazan@breitcantor.com